## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

**VICTOR M REYES LEOTEAU**

Debtor(s)

CASE NUMBER: **16-02893-ESL**

**CHAPTER 13**

### TRUSTEE'S OBJECTION TO CLAIM 19 FILED BY
### MILDRED S LOPEZ COLON
### &
### REQUEST FOR WAIVER TO PLACE BOND

**TO THE HONORABLE COURT:**

**COMES NOW**, Alejandro Oliveras Rivera, Standing Chapter 13 Trustee, and very respectfully, **ALLEGES**, **STATES** and **PRAYS**:

1.   On 07/14/2016, claim number **19** was filed by **MILDRED S LOPEZ COLON** in the amount of $21,450.00.  The trustee objects to this claim under the following grounds:

- **FBRP 3001(d) requires that the proof of claim filed as secured shall be accompanied by evidence of the security interest. Furthermore, under Puerto Rico Mortgage Law, recording in the Property Registry is essential to the validity of a mortgage. 30 L.P.R.A. 2607. In the instant case, MILDRED S LOPEZ COLON has failed to provide evidence of perfection of security.**

2.   Trustee is required under 50 App. U.S.C.A. § 521(b)(1) to submit with this motion an affidavit stating whether the defendant (in our case, claimant) is in military service.  The only manner in which trustee is able to determine an individual's military service is through the web page https://www.dmdc.osd.mil/appj/scra/single_record.xhtml,   which

OBJECTION TO CLAIM 19
CASE NUMBER 16-02893-ESL
Page 2 of 6

requires the person's full name, date of birth and social security number. Trustee submits that he Trustee cannot determine if claimant is in military service, insofar as he does not have access or way to verify claimant's date of birth and social security number. The above said is attested in a declaration under penalty of perjury filed with this motion pursuant to 50 App. U.S.C.A. § 521(b)(1)(B).

3. When an affidavit is filed under 50 App. U.S.C.A. § 521(b)(1), indicating that the moving party cannot ascertain the defendants' military status, the court may order the plaintiff (in this case the trustee, as moving party) to place a bond. In this respect, 50 App. U.S.C.A. § 521(b)(3) provides as follows:

> *(3) Defendant's military status not ascertained by affidavit*
>
> *If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, __may require the plaintiff to file a bond__ in an amount approved __by the court__. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. __The bond shall remain in effect until__ expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act [sections 501 to 596 of this Appendix].* (Emphasis added.)

OBJECTION TO CLAIM 19
CASE NUMBER 16-02893-ESL
Page 3 of 6

4.    In   connection   with   the   requirement   of   the   cited section,   trustee   has   attached   to   this   objection   the   required declaration   under   penalty   of   perjury   to   attest   that   he   is   unable to   determine   the   military   status   of   claimant;   insofar   he   does not   have   personal   identifiable   information   of   the   claimant.

5.    Additionally,   as   appearing   from   the   cited   section, this   court   has   discretion   to   order   or   not   the   placing   of   a   bond. Trustee   requests   that   he   be   excused   from   placing   the   bond.    In support   of   this   request,   trustee   submits   the   following considerations:

(a)   Claimant   submitted   to   the   jurisdiction   of   this bankruptcy   court   in   this   case   by   filing   the   claim.    See   *In re Asousa Partnership*, 276 B.R. 55 (Bankr.E.D.Pa. 2002).

(b)   Trustee   has   notified   Claimant   of   this   motion,   by sending him/or a copy of this document by regular U.S. Postal Service mail, at the address provided by Claimant in the proof of claim.;

(c)   If   an   order   is   entered   granting   or   denying   the objection contained in this motion, Claimant has available the remedies under Section 502(j) and Federal Rule of Bankruptcy Procedure 3008 to request at any time before the case is closed, the reconsideration of the order allowing or denying the objection, upon showing cause. Thus, with such remedy, claimant has the ability to address any loss or damage he/she may suffer or may have suffered in connection with the order allowing or denying the objection.

(d)   Pursuant to Bankruptcy Code Section 1302(b)(1), which cross-references Section 704(a)(5), trustee has a statutory duty to examine proofs of claims and object to the allowance of any claim, if purpose would be served. In connection with his duty, trustee submits that he has examined the claim and, as per the arguments stated in the objection, there are meritorious grounds for objecting the claim.

(e)   Lastly, the cost involved in placing a bond for every objection of claims filed by individual would be extremely burdensome in the administration of this and all other cases

OBJECTION TO CLAIM 19
CASE NUMBER 16-02893-ESL
Page 4 of 6

handled by trustee, including consideration of delay in obtaining the bond and obtaining prior approval by the United States Trustee for each of such bonds. Additionally, obtaining the bond will represent an additional expense of administration, which may be in detriment of the creditors of this case and of other cases.

6.    If despite trustee's arguments, the Court determines that the bond is needed, trustee requests that the court fix the amount required, as Section 521(b)(3) of the Servicemember Civil Relief Act provides that the bond will be "in an amount approved by the court". In fixing the amount of the bond, trustee respectfully requests that the court consider whether the claim is liquid or unliquidated.  If liquid in nature, the bond could be equal to the amount of the claim. If unliquidated, the bond should be in the amount as per the estimation of the claim under Section 502(c) of the Bankruptcy Code, or, in the alternative, in the amount listed in the claim.

7. For the reasons stated above, the Trustee requests this Honorable Court to find that a bond is not required for the objection to proof of claim initiated in this motion, and consequently **allow proof of claim 19 as general unsecured.**

8. To the Trustee's best knowledge, information and belief, debtor(s) do not belong to the U.S. Armed Forces, the U.S. Coast Guard, the U.S. Public Health Service or the National Oceanic and Atmospheric Administration. A certificate issued by the U.S. Department of Defense, Manpower Data Center is attached to the

OBJECTION TO CLAIM 19
CASE NUMBER 16-02893-ESL
Page 5 of 6

original motion filed and the Trustee's copy regarding the
military status of Debtor(s).

**WHEREFORE**, the Trustee requests this Honorable Court to
find that a bond is not required for the objection to proof of
claim initiated in this motion, and consequently **allow proof of
claim 19 as general unsecured.**

### DECLARATION UNDER PENALTY OF PERJURY TO CERTIFY TRUSTEE IS UNABLE TO DETERMINE CLAIMANT'S MILITARY STATUS
### 50 App. U.S.C.A. §521(b)(1)(B)

I, **Javier Vélez Torres**, of legal age, and employed as a
Claims and Confirmation Clerk by the office of Standing Chapter
13 Trustee Alejandro Oliveras Rivera, declare under penalty of
perjury the following:

1. The Trustee is filing with this declaration an
objection to proof of claim No. **19** filed by individual of the
name **MILDRED S LOPEZ COLON.**

2. The only manner in which the Trustee can verify if an
individual is in military service or not is through the website
https://www.dmdc.osd.mil/appj/scra/single_record.xhtml.   This
website requires personal identification information of claimant
**MILDRED S LOPEZ COLON,** including date of birth and social
security number. The Trustee does not have the claimant's date
of birth and social security number.

3. Accordingly, the Trustee is unable to determine
whether or not the claimant is in military service.

4. I provide this declaration in compliance with P.R. LBR
3007(a) and section 201(b)(1) of the Service Member Civil Relief
Act ("SCRA").

In San Juan, Puerto Rico, this 3rd day of August of 2016.

By: _____
**Javier Vélez Torres**
Claims and Confirmation Clerk

**ALEJANDRO OLIVERAS RIVERA
CHAPTER 13 TRUSTEE**
PO Box 9024062
San Juan  PR 00902-4062
Phone: 787-977-3500
Fax: 787-977-3521

OBJECTION TO CLAIM 19
CASE NUMBER 16-02893-ESL
Page 6 of 6

**NOTICE -** Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may schedule a hearing.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail. I further certify that the foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to the non CM/ECF participants: debtor(s), **Claimant MILDRED S LOPEZ COLON   CONDOMINIO MILLENIA PARK   APT 904 FERRER Y FERRER   SAN JUAN PR 00921, MILDRED S LOPEZ COLON   C/O CARLOS M DEL VALLE REYES ESQ   PO BOX 373307   CAYEY PR 00737,** and parties in interest that have filed a notice of appearance included in the service list attached to the original hereof.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of August, 2016.

**/S/ ALEJANDRO OLIVERAS RIVERA**
**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
PO Box 9024062
San Juan  PR 00902-4062
Phone: 787-977-3500
Fax: 787-977-3521
**CCC    JVT**

CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the foregoing document was mailed by first class mail or electronically sent to the parties listed below:

MILDRED S LOPEZ COLON
C/O CARLOS M DEL VALLE REYES ESQ
PO BOX 373307
CAYEY, PR  00737

MILDRED S LOPEZ COLON
CONDOMINIO MILLENIA PARK
APT 904 FERRER Y FERRER
SAN JUAN, PR  00921

VICTOR M REYES LEOTEAU
PO BOX 360
CAYEY, PR  00737

GERARDO SANTIAGO PUIG*

DORAL BANK PLAZA SUITE 801
33 CALLE RESOLUCION
SAN JUAN, PR  00920

DATED:    August 03, 2016

/S/ RENE GOMEZ
OFFICE OF THE CHAPTER 13 TRUSTEE

Page 1 of 1        - CASE NO  16-02893-ESL

Department of Defense Manpower Data Center

Results as of : Aug-03-2016 06:02:18 AM

SCRA 3.0



## Status Report
## Pursuant to Servicemembers Civil Relief Act

Last Name: <u>REYES LEOTEAU</u>

First Name: <u>VICTOR M</u>

Middle Name:

Active Duty Status As Of: <u>Aug-03-2016</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ý 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Addresss. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ý 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: D9H0WF87933EUA0