IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

VICTOR M. REYES LEOTEAU

DEBTOR

CASE NO. 16-02893 (ESL)

CHAPTER 13

**MOTION REQUESTING ORDER TO PROPERTY REGISTRAR**

Comes now, Banco Popular de Puerto Rico, a party-in-interest, through the undersigned counsel and respectfully alleges and prays as follows:

1. Banco Popular de Puerto Rico (hereinafter Banco Popular) has a duly executed and registered mortgage lien, pursuant to Deed No. 90 in the original amount of $129,900, recorded at page 38 of volume 548 of Cayey, property number 21,923, 2nd inscription. The property is registered in favor of Mildred López Colón. Copy of a title search is attached as *Exhibit I*.

2. The title search reveals that Mrs. López Colón sold the property to the debtor, pursuant to Deed No. 141. The deed has not been approved by the Property Registrar. It is pending the Registrar's review. It was presented on March 16, 2016 at Registry Entry No. 2016-015250-CA01 in the Property Registry of Caguas Section I. The sale was conditioned to the assumption of Mrs. López's loan with Banco Popular and payment of 50 monthly payments of $500.00. Banco Popular was not a party to the contract and did not consent to said transaction. Copy of the Deed No. 141 is attached as *Exhibit II*.

3. Deed No. 141 contains a clause on page 4 which indicates the following:

"De la Parte Compradora incumplir con alguno de los pagos aquí acordado, tanto en la asunción de la Hipoteca o los pagos del precio aplazado, la parte vendedora tendrá la opción de unilateralmente dar por finalizado el negocio jurídico, rescindiendo del presente contrato y el comprador vendrá obligado a devolver la propiedad, perdiendo el dinero pagado hasta ese momento."

Said paragraph translates as follows:

"If the Buyer defaults on any of the payments here agreed, either in the assumption of the Mortgage or the payments of the deferred price, the selling party will have the option of unilaterally terminating the legal transaction, terminating this agreement

and the buyer will be forced to return property, losing the money paid until that moment."

4. The debtor in the present case failed to comply with his contractual obligation with Mrs. López Colón. For this reason, prior to the filing of the bankruptcy petition, counsel for Mrs. López Colón sent a communication informing the rescission of the contractual agreement. Specifically, the rescission notice, pursuant to clause No. 2 of Deed No. 141, indicated the following:

> "[…] la parte vendedora puede retener el bien inmueble como garantía del pago aplazado, lo que se pactó específicamente entre las partes. Por ello, la ejecución del acuerdo establece la entrega de la propiedad de inmediato. Por ello, este requerimiento se está realizando en la fecha de recibo de este documento. Esta reclamación no tan sólo incluye la reclamación de deuda, sino además la entrega de la propiedad […]."

Said paragraph translates as follows:

> "[...] the seller may retain the property as security for the deferred payment, which was specifically agreed between the parties. Therefore, the execution of the agreement establishes the delivery of the property immediately. Therefore, this requirement is being made on the date of receipt of this document. This claim does not only include the claim of the debt, but also the delivery of the property [...]. "

5. In accordance with the contractual rescission that took place prior to the filing of the present case, the Proof of Claim No. 19 expressly reiterated the rescission of the contract by stating the following: "[t]he property must be returned to the creditor under the deed of sale. The clause of return of property was exercised on April 5, 2016 before filing bankruptcy". Nonetheless, debtor pretends to include the property within the bankruptcy estate. Therefore, the rescission is a substantive issue that this Court will have to address.

6. Pursuant to the Puerto Rico Civil Code and jurisprudence, in the event of breach of a bilateral obligation, article 1077 of the Puerto Rico Civil Code, 31 LPRA §3052, establishes a resolutory condition that operates ex proprio vigore. *Álvarez de Choudens v. Rivera*, 165 DPR 1, 20 (2005). Also, it expresses that the injured party may demand the specific fulfillment of the obligation or the termination of the contract, and in both instances, compensation for damages and interest payment. Therefore, in accordance with *Constructora Bauzá, Inc. v. García López*, 129 DPR 579

(1991), if one of the parties fails, the other party can give the contractual obligation as resolved without the need for a court to declare it so. *Flores v. Municipio de Caguas*, 114 DPR 521 (1983); *Sucn. Escalera v. Barreto*, 81 DPR 596 (1935).

7. In view of the fact that Deed No. 141 is pending registration, plus the apparent substantive controversy regarding whether the property may be considered part of the bankruptcy estate, Banco Popular respectfully requests that this Honorable Court order the Property Registrar to stop the review and registration process of deed No. 141 until the issue regarding rescission is resolved by this Court.

WHEREFORE, Banco Popular de Puerto Rico respectfully requests that this Honorable Court order the Property Registrar to stop the calcification process of deed No. 141 until issue regarding rescission of the sale transaction is resolved.

RESPECTFULLY SUBMITTED,

In Guaynabo, Puerto Rico, this 3rd day of January 2017.

NOTICE**:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATE OF SERVICE: I hereby certify that on the same date above I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Chapter 13 Trustee Alejandro Oliveras Rivera (aorecf@ch13sju.com), and debtor's attorney Gerardo L Santiago Puig (gsantiagopuig@gmail.com). I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: Debtor Victor M. Reyes Leoteau, at Box 360, Cayey, PR 00737.

/s/ Juan C. Fortuño Fas
JUAN C. FORTUÑO FAS
USDCPR 211913
FORTUÑO & RIVERA FONT, LLC
P.O. BOX 9300, SAN JUAN, PR 00908
TEL. 787-751-5290 / FAX. 787-751-6155
EMAIL: bkfilings@fortuno-law.com